**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000423
06-FEB-2025
07:49 AM
Dkt. 48 SO**

NO. CAAP-22-0000423

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TBC KOLOA TOWN LLC, Plaintiff-Appellee,
v.
PIZZETTA INC.; JOHN HALTER; and CATHERINE M. SHYNE,
Defendants-Appellants, DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-21-0000032)

### SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

Defendants-Appellants Pizzetta Inc. (**Pizzetta**), John Halter (**Halter**), and Catherine M. Shyne (**Shyne**),[1] appeal from the March 1, 2022 "Order Granting [TBC's] Motion For Summary Judgment, Filed December 15, 2021" (**Summary Judgment Order**), April 27, 2022 "Order Denying [Defendants'] Motion For Reconsideration Of Order Granting [TBC's] Motion For Summary

---

[1]      Pizzetta, Halter, and Shyne are collectively referred to as **Defendants.**  Plaintiff-Appellee TBC Koloa Town LLC is referred to as **TBC.**

Judgment Filed On March 16, 2022" (**Reconsideration Order**), May 11, 2022 "Order Granting [TBC's] Non-Hearing Motion For Attorneys' Fees And Costs, Filed April 28, 2022" (**Fees Order**), and June 2, 2022 "Final Judgment" (**Judgment**), entered by the Circuit Court of the Fifth Circuit (**circuit court**).[2]

## I.    BACKGROUND

This matter arises out of a lease entered into on June 1, 2010 (the **2010 Lease**), by lessor Valley Marketplace Partners, TBC's predecessor in interest, and lessee Pizzetta. The 2010 Lease was for a commercial space located at the Old Koloa Town Shopping Center where Pizzetta would operate its restaurant business (the **Property**).  The 2010 Lease was for a two-year term to end on May 31, 2012, and specified that, should Pizzetta continue to occupy the premises after the lease term ended, all terms of the 2010 Lease would continue to apply.[3]

---

[2]     The Honorable Kathleen N.A. Watanabe presided.

[3]     The "Holding Over" provision, herein referred to as the **Holdover Provision**, stated,

> If Lessee shall remain in possession of and occupy the Premises after the expiration of the term of this Lease without a written agreement with Lessor setting forth the terms and provisions of a new Lease or an extension of this Lease, all terms, covenants and agreements hereof shall continue to apply and bind the Lessee as long as Lessee remains in possession, except that the guaranteed minimum rental shall be two (2) times the amount of guaranteed minimum rental and percentage rental, if applicable, payable for the last month of the term of this Lease, prorated on a daily basis for each day that Lessee remains in possession.

(continued . . .)

Halter, as Vice President of Pizzetta, and Shyne, as President of Pizzetta, executed a Guaranty of the 2010 Lease (the **2010 Guaranty**). The 2010 Guaranty was incorporated into the 2010 Lease as "Exhibit 'G'."[4]

Pizzetta continued to occupy the Property after its lease term expired on May 31, 2012. On June 6, 2018, TBC and Pizzetta agreed to a "[f]irst [a]mendment of [the 2010] Lease" (the **2018 Amendment**) to, inter alia, extend the lease term and increase the guaranteed minimum. Pizzetta fell behind on its rental payments by January 1, 2020.

It appears that TBC and Pizzetta entered into a "workout" agreement (the **Workout Agreement**) in June 2020. Pursuant to the Workout Agreement,

- The total current outstanding rent balance as of June 9, 2020 is $138,653.04 ( covers thru June 30th, 2020) [sic].

---

[3](. . . continued)
    If Lessee shall, at the expiration or other termination of this Lease, fail to yield up possession to Lessor, Lessor shall have the option to require Lessee to pay and Lessee shall pay as liquidated damages for each day possession is withheld, [an] amount equal to TWICE the amount of the guaranteed minimum rental and percentage rental computed on the thirty-day (30) month basis.

[4]    Exhibit "G" was incorporated into the 2010 Lease pursuant to the "Entire Agreement" provision, which provided that,

    This Agreement and any and all Exhibits hereto constitutes the entire agreement of Lessor and Lessee and supersedes all oral and written agreements and understanding made and entered into by the parties hereto prior to the date hereof. All Exhibits attached to this Agreement are specifically incorporated herein and made a part of this Agreement.

- [Pizzetta] agrees to make a rent payment of $60,000 via wire transfer prior to end of day on Friday June 12; in exchange for [Pizzetta's] payment [Pizzetta] will receive a rent credit of an additional $60,000 toward the outstanding balance. So the new outstanding rent balance will be $18,653 and this amount will be Deferred Rent.

- If [Pizzetta] pays the July and August base rent on time, [TBC] will then waive the September and October base rent; the CAM will be added to the Deferred Rent balance. Alternatively, [Pizzetta] may elect to defer the base rent and CAM in which case this will be added to the Deferred Rent balance.

- [Pizzetta] will resume rent payments per the lease schedule in November of 2020, provided [Pizzetta] and [TBC] agree to assess the situation in November.

- The Deferred Rent balance outlined above will be paid back starting July 1, 2021 over 24 months.

It further appears that Pizzetta failed to comply with the terms of the Workout Agreement by not "resum[ing] rent payments per the lease schedule in November of 2020." Per the 2010 Lease, rent payment was due "in advance on the first day of each calendar month[.]" On November 4, 2020, TBC sent a default notice to Defendants, demanding that Defendants cure their monetary defaults by December 4, 2020. Defendants failed to cure their defaults by this deadline.

In January 2021, Halter executed an Affidavit of Abandonment and Return of Possession. TBC filed its Complaint against the Defendants in March 2021, alleging one count of breach of contract on the ground that Defendants "fail[ed] to pay rent, late charges, and interest due and owing under the [2010 Lease] and [2018 Amendment]."

In May 2021, TBC entered into an agreement to lease the Property to a new tenant, Koloa Pizza Kitchen + Bar LLC (**Koloa Pizza**). Koloa Pizza's rental obligations began on September 17, 2021.

TBC filed its Motion for Summary Judgment in December 2021, contending that there was no genuine issue of material fact that Pizzetta's "failure to pay timely rent and abandonment of the [p]remises" constitutes a breach of contract. Defendants opposed the motion. The circuit court heard the motion in February 2022.

The circuit court granted TBC's Motion for Summary Judgment, and awarded TBC attorneys' fees and costs. This appeal followed.

## II.  POINTS OF ERROR

Defendants raise three points of error on appeal, contending that the circuit court erred in: (1) granting TBC's Motion for Summary Judgment; (2) denying Defendants' Motion for Reconsideration of TBC's Motion for Summary Judgment; and (3) granting TBC's Motion for Attorneys' Fees and Costs.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Defendants' contentions as follows:

(1) We review the circuit court's grant of summary judgment de novo, applying the following standard,

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawai'i 46, 55—56, 292 P.3d 1276, 1285—86 (2013) (cleaned up).

We conclude that TBC satisfied its initial burden on summary judgment by providing evidence, in the form of a declaration from TBC's manager, Cory Beall, and attached exhibits, that there were no disputed issues of material fact regarding Defendants' breach of contract and its entitlement to unpaid back rent. See id. at 60, 292 P.3d at 1290 ("[A] summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial.") (citations omitted).

The summary judgment record reflects that Pizzetta continued to occupy the Property and pay monthly rent after the initial lease term expired in 2012. Pursuant to the Holdover

Provision, the terms of the 2010 Lease continued to apply. TBC and Pizzetta subsequently entered into the 2018 Amendment - the "[f]irst [a]mendment of [the 2010] Lease" – which represented that "[TBC] and [Pizzetta] are the current landlord and tenant under [the 2010 Lease], originally between Valley Marketplace Partners . . . as landlord, and [Pizzetta], as tenant[.]" The 2010 Guaranty signed by Halter and Shyne, which was part of the 2010 Lease, remained in effect both during the post-May 2012 holdover period and after the 2018 Amendment was executed.

Pizzetta stopped paying its rent by January 2020, and after Pizzetta's continued failure to pay rent pursuant to the Workout Agreement, TBC issued a notice of default to Defendants in November 2020. Pizzetta did not pay its back rent balance, and transmitted to TBC an Affidavit of Abandonment and Return of Possession.

Following Pizzetta's abandonment of the Property in January 2021, TBC engaged in mitigation efforts to find a new lessee by issuing intent letters to two potential lessees and then entering into a new lease with Koloa Pizza in May 2021. See Tabieros v. Clark Equip. Co., 85 Hawaiʻi 336, 393, 944 P.2d 1279, 1336 (1997) ("[P]laintiffs are subject to a duty to mitigate damages in either contract or tort.").

The burden then shifted to Defendants. Although Defendants contend that they established a genuine question of

material fact as to whether TBC breached the Workout Agreement, whether TBC sufficiently proved its mitigation efforts, whether the 2010 Lease and 2010 Guaranty had expired such that Halter and Shyne had no liability as guarantors pursuant to the 2018 Amendment, and as to the amount of damages, their declarations and exhibits do not support these contentions.  See Nozawa v. Operating Eng'rs Loc. Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018) ("Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.") (cleaned up).

We conclude that the circuit court was not wrong in granting TBC's Motion for Summary Judgment.

(2) Defendants contend that the circuit court erred in denying their Motion for Reconsideration.  We review a "trial court's ruling on a motion for reconsideration under the abuse of discretion standard."  Kaleikini v. Yoshioka, 128 Hawaiʻi 53, 68, 283 P.3d 60, 75 (2012) (cleaned up).  "The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion."  Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103

8

(2008) (cleaned up). It is not meant to be "a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Id. (citation omitted)

Although Defendants contend that "[n]ew [e]vidence [w]as [i]ntroduced after the [s]ummary [j]udgment [h]earing," Defendants' opening brief does not set forth this newly discovered evidence, or explain why reconsideration was warranted in light of this "new evidence." It appears, from the record[5] and Defendants' appellate briefs, that Defendants' Motion for Reconsideration was an attempt to relitigate, on the existing record, the same issues raised in Defendants' Motion for Summary Judgment. We conclude that the circuit court did not abuse its discretion in denying Defendants' Motion for Reconsideration.

(3) Defendants contend that the circuit court erred in awarding TBC's attorneys' fees and costs, on the ground that "[i]f it is found that TBC is not the prevailing party, the

---

[5]     Defendants' Motion for Reconsideration attached purported "new evidence" in the form of declarations by Halter, Tricia Ruiz, Mark Ruiz, and Allan Beall. Tricia and Mark Ruiz both stated that they are owners of Kiawe Roots LLC, a restaurant on Kauai, and that they viewed the Property in February 2021 and then "quickly declined" further discussion regarding a lease. Beall stated that, while negotiating a "new lease" with Pizzetta in 2012, "[t]here were no discussions of a Guaranty[.]" We conclude that these declarations "could and should have been brought during the earlier proceeding[,]" and that, even if they were brought during the earlier proceeding, they do not demonstrate a genuine issue of material fact. See Kamaka, 117 Hawaiʻi at 104, 176 P.3d at 103 (citation omitted).

award of attorneys' fees and costs should also be reversed."  In light of our decision to affirm the summary judgment in favor of TBC, as explained <u>supra</u> in sections (1) and (2), TBC is the prevailing party, and we affirm the award of attorneys' fees and costs.

### III. CONCLUSION

For the foregoing reasons, we affirm the circuit court's Summary Judgment Order, Reconsideration Order, Fees Order, and Judgment.

DATED: Honolulu, Hawai'i, February 6, 2025.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
| Dennis W. King,<br>Monika M. Wurlitzer,<br>for Defendants-Appellants. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Michael R. Soon Fah,<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |